UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHARLES E. BRADFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:23-cv-00139-JPH-MJD |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING WRIT OF HABEAS CORPUS PURSUANT TO
28 U.S.C. § 2241 AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Charles Bradford, who is serving a federal sentence at the Federal Correctional Institution, Terre Haute, filed this petition for a writ of habeas corpus claiming that the Federal Bureau of Prisons ("BOP") wrongfully denied him time credits toward his sentence. The Warden responded and no reply was filed. For the reasons explained below, Bradford is not entitled to relief, and his petition is **denied**.

## I. Legal Standard

The Attorney General, through the BOP, is tasked with administering a federal prisoner's sentence, including the computation of sentence credit. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Walker*, 917 F.3d 989, 993-94 (7th Cir. 2019). An inmate can challenge the calculation of his sentence, including time credits, in a § 2241 petition. *Setser v. United States*, 566 U.S. 231, 244 (2012); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). But a prisoner has "no constitutional or inherent right" in being released before the

1

completion of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). If a relevant statute places no "substantive limitations on official discretion" in granting an early release from a valid sentence, no constitutionally protected liberty interest is implicated. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).

## II. Discussion

Petitioner filed this § 2241 petition challenging the BOP's failure to apply earned time credits toward his sentence. In support of his habeas petition, Petitioner contends that the First Step Act of 2018 ("FSA") entitles him to time credits toward his sentence. Under the FSA, inmates convicted of non-violent offenses may earn credit toward their sentences by completing programming and other productive activities. *See* 18 U.S.C. § 3632(d). Such credits may be applied to early transfer to supervised release or to prerelease custody (such as a halfway house). 18 U.S.C. § 3624(g). Petitioner states that he has been earning FSA time credits toward early release but that the warden has been refusing to apply the credits because he has a high risk of recidivism. Dkt. 1 at 1. He effectively asks the court to force the Bureau of Prisons (BOP) to apply all FSA time credits to his Sentence Computation Sheet. *Id.* For the reasons explained below, the Department of Justice has authority to establish regulations to implement the FSA in the Bureau of Prisons, and the FSA only establishes that prisoners can earn FSA credit time; it does not statutorily require the application of that FSA credit time under the circumstances alleged here.

2

### A. First Step Act, PATTERN Scores, and Time Credits

The FSA, enacted December 21, 2018, provided for considerable changes to the federal criminal code, including several prison and sentencing reforms. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

Relevant here, the FSA required the Attorney General to develop a "risk and needs assessment system" (referred to in the statute as "the System") to be used by the BOP to, among other things, determine the recidivism risk of all federal prisoners; classify prisoners as being at a minimum, low, medium, or high risk of recidivism; place prisoners in appropriate evidence-based recidivism reduction programs or productive activities so that all prisoners have a meaningful opportunity to reduce their classification; and reassess the recidivism risk of each prisoner periodically. 18 U.S.C. § 3632(a)(1), (3), (4), and (5). In compliance with the Act's mandate to develop "the System," the BOP created and published the "Prisoner Assessment Tool Targeting Estimated Risk and Needs," a risk assessment tool, otherwise known as PATTERN. *See* BOP Program Statement 5410.01: First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), dated November 18, 2022, at Section 5.[1]

Under the FSA and PATTERN, inmates convicted of non-violent crimes can earn 10 days of FSA time credit for every 30 days of successful participation in qualifying programming and productive activities regardless of their PATTERN recidivism risk score. 18 U.S.C. § 3632(d)(4). Inmates who receive a minimum or

---

[1] Available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf.

low PATTERN recidivism risk score over two consecutive assessments can also earn an additional five days of time credits (for a total of 15 days) for every 30 days of successful participation in qualifying programming or productive activities. 18 U.S.C. § 3632(d)(4)(A)(ii). Thus, a prisoner's PATTERN score may affect the rate at which an inmate earns FSA time credits.

The FSA time credits can be used to obtain prerelease custody or early transfer to supervised release, but only when certain requirements are met.[2] Specifically, to be eligible for prerelease custody or early transfer to supervised release, the inmate must have (1) demonstrated a recidivism risk reduction or maintained a minimum or low recidivism risk; and (2) earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A)–(B). For placement in prerelease custody, § 3624(g) also requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or that the Warden specifically approved the placement. 18 U.S.C. § 3624(g)(1)(D)(i). Likewise, for early transfer to supervised release, § 3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment." 18 U.S.C. § 3624(g)(1)(D)(ii). Read together, these statutory

---

[2] The FSA also changed the amount of good time credit that federal prisoners can earn toward their sentences and the ways they can earn such credit. Good time credits or "credit toward service of sentence for satisfactory behavior" provides that a prisoner can earn up to 54 days for each year of the prisoner's sentence imposed by the court. 18 U.S.C. § 3624(b). This good time credit reduces a prisoner's sentence. Bradford's petition does not challenge his good time credits.

provisions mean that no one with a high PATTERN recidivism risk score can use their FSA time credits to obtain placement in prerelease custody or on supervised release, unless the Warden has specifically approved the placement.

The BOP may apply FSA time credits for inmates with a PATTERN score of medium or high when the Warden has made these determinations regarding the inmate: (1) they would not be a danger to society if transferred to prerelease custody or supervised release; (2) they have made a good-faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and (c) they are unlikely to recidivate. 18 U.S.C. § 3624(g)(1)(D); dkt. 6 (citing Program Statement 5410.01).

### B. Bradford's PATTERN recidivism risk score

Bradford is serving a 36-month sentence for being a Felon in Possession of a Firearm. *United States v. Bradford*, 3:22-cr-30051-DWD, dkt. 36. With Good Conduct Time, his projected release date is January 2, 2025. Dkt. 6-1 ¶ 4. In his habeas petition, Bradford contends that he is entitled to time credits toward his sentence under the First Step Act of 2018 ("FSA").

In response to the petition, the Government explains that although Bradford is eligible to earn FSA time credits under 18 U.S.C. § 3632(d), his PATTERN score currently places him at a high risk of recidivism. Dkt. 6 at 3; dkt. 6-1 at ¶ 5. Therefore, he is not eligible to apply FSA time credits to obtain prerelease custody or supervised release pursuant to 18 U.S.C. § 3624(g)(1)(B). This is because only inmates who have "demonstrated recidivism risk reduction or . . . maintained a minimum or low recidivism risk" are eligible to apply FSA

time credits to obtain prerelease custody or supervised release. 18 U.S.C.A.
§ 3624(g)(1)(B).

In addition, the Government explains: "Inmates seeking consideration for
the PATTERN score exception to the general procedures for application of FSA
time credits are instructed to initiate a request via a BP-A0148, Inmate Request
to Staff, during their regularly scheduled Program Review." Dkt. 6 at n. 1; dkt.
6-1 at ¶ 6. Bradford has not done so.

### C. Application of FSA Time Credits

As explained above, the application of Bradford's FSA time credits depends
on numerous factors, including PATTERN scores. The application of these credits
is not statutorily mandated. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974) (time
credits create a liberty interest when they are statutorily mandated); *Moody v.
Daggett,* 429 U.S. 78, 88 n.9 (1976) (federal inmates have no constitutional or
inherent right for a particular security or custody classification). Instead, the
FSA credit system is executed in accordance with regulations promulgated by
the Bureau of Prisons in the Federal Register. *See* FSA Time Credits, 87 Fed.
Reg. 2705 (Jan. 19, 2022) (to be codified at 28 CFR pts. 523, 541). As the
Department of Justice has authority to establish regulations to implement the
FSA in the Bureau of Prisons, usage of PATTERN as one of the factors considered
in awarding of FSA time credits is reasonable. *See e.g., Parsons v. Pitzer,* 149
F.3d 734, 736 (7th Cir. 1998) (explaining that Congress vested discretionary
authority with the BOP to determine an inmate's eligibility for early release
pursuant to 18 U.S.C. § 3621(e)(2)(B)).

Thus, no constitutionally protected liberty interest is violated when the BOP calculates a prisoner's PATTERN score and resulting recidivism risk level under the FSA. Because Bradford has not shown that the failure to apply his earned time credits toward his sentence violates the FSA, he is not entitled to relief. *Olim*, 461 U.S. at 249.

### III. Conclusion

Charles Bradford's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)").

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 4/17/2024

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHARLES E. BRADFORD
06200-510
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov